Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| URANIA MARGARITA MARTÍNEZ DEL VALLE, VIVIANA MARTÍNEZ RAMÍREZ Y JOSÉ LUIS MARTÍNEZ RAMÍREZ<br><br>Apeladas<br><br>v.<br><br>SUCESIÓN DE NILDA ALICIA DEL VALLE COMPUESTA POR GAIL ARLENE LÓPEZ VALLE, FRANCISCO LÓPEZ VALLE, RICARDO LÓPEZ, JOHN DOE Y JANE DOE<br><br>Apelantes<br><br>. | KLAN202500218 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV09229<br><br>Sobre: USUCAPIÓN |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de junio de 2025.

La parte apelante compuesta por Urania Margarita Martínez Del Valle y otros solicitan que revoquemos la Sentencia en la que el Tribunal de Primera Instancia declaró Sin Lugar, la Demanda Enmendada de Usucapión.

**I**

Los apelantes son los miembros de la Sucesión de Margarita Del Valle Alicea y demandaron por usucapión a la Sucesión de Nilda Alicea Del Valle. La demanda incluyó las siguientes alegaciones. Los demandantes adquirieron por usucapión la finca descrita en la demanda enmendada. El inmueble está inscrito en el Registro de la Propiedad a nombre de las hermanas, Margarita Del Valle Alicea y Nilda Alicia Del Valle. No obstante, fue Margarita Del

Valle quien pagó el cierre, las mensualidades y las contribuciones de la propiedad y quien actuó como su única dueña. Margarita Del Valle, sus herederos y causahabientes han poseído la propiedad como dueños de buena fe pública, pacífica e ininterrumpidamente, desde su adquisición. Las sucesiones de Margarita Del Valle Alicea y José Ángel Martínez solicitaron al tribunal que ordenara al Registrador de la Propiedad a inscribirles como titulares del inmueble descrito en la demanda.

El TPI anotó la rebeldía a los miembros de la sucesión demandada. La apelante le solicitó que dictara sentencia en rebeldía sin vista. No obstante, el tribunal ordenó la celebración de un juicio en su fondo en rebeldía. Durante la vista declaró Urania Margarita Martinez Del Valle y se presentaron como evidencia la Certificación de Propiedad Inmueble, el Certificado de Defunción de Nilda Alicia Del Valle, la Declaratoria de Herederos de Margarita Del Valle Alicea y la Declaratoria de Herederos de José Ángel Martínez Del Valle.

El foro apelado declaró sin lugar la Demanda Enmendada . En la sentencia apelada incluyó las determinaciones de hechos a continuación. Las causantes Margarita Del Valle Alicea y Nilda Alicia Del Valle eran dueñas de la propiedad inmueble descrita en la Demanda Enmendada. Margarita Del Valle Alicea falleció el 6 de abril de 1982 y vivió en la propiedad hasta esa fecha. Su hijo José Ángel Martinez del Valle continuó viviendo en la propiedad tras el fallecimiento hasta su muerte el 10 de mayo de 2016. Su hermana Urania Margarita Martínez Del Valle continuó en la propiedad hasta el presente y ha sido quien le ha dado cuidado y mantenimiento. El 27 de febrero 2023, el tribunal declaró herederos de Margarita Del Valle Alicea, a José Ángel, Urania Margarita y Luis Martín todos de apellidos Martínez Del Valle. El 28 de febrero de 2023 el tribunal declaró herederos de José Ángel

Martinez Del Valle a su hermana Urania Martínez Del Valle y sus sobrinos José Luis Martínez Ramírez y Viviana Martínez Ramírez en representación de su padre Luis Martín Martínez Del Valle.

Otros hechos que constan en la sentencia apelada son los siguientes. La copropietaria de la propiedad, Nilda Alicea Del Valle falleció el 13 de junio de 1982. A la fecha del juicio no se había realizado la partición de la comunidad hereditaria de las Sucesiones de las dueñas de la propiedad Margarita Del Valle Alicea y de Nilda Alicia Del Valle. Tampoco existía el certificado de cancelación de gravamen requerido en el Código de Rentas Internas.

El TPI reconoció que la apelante podía tener una causa de acción por usucapión, porque la actual poseedora podía completar el tiempo requerido, unido al de su causante José Ángel Martínez Del Valle. Según el TPI ambos han tenido la posesión en concepto de dueños de forma continua, pública y pacifica desde el 6 de abril de 1982 hasta el presente. Sin embargo, declaró sin lugar la Demanda Enmendada, porque (1) los apelantes son dueños de una participación alícuota de la totalidad del caudal al que pertenece la propiedad, (2) el caudal no ha sido sujeto a partición, (3) los demás coherederos también son dueños de una participación alícuota del caudal que contiene la propiedad y (4) el derecho a solicitar la participación no prescribe. El foro apelado se negó a declarar la usucapión, porque, a su entender, sería avalar un subterfugio para evitar la participación y fomentar el incumplimiento con la cancelación del Gravamen Contributivo en Hacienda.

La apelante presentó una moción de reconsideración que el TPI declaró NO HA LUGAR. Inconforme presentó este recurso en el que alega que:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EXIGIR LA CANCELACIÓN DEL GRAVAMEN CONTRIBUTIVO RELEVO DE HACIENDA EN UNA ADQUISICIÓN POR USUCAPIÓN, BASÁNDOSE EN QUE EL DERECHO A SOLICITAR PARTICIÓN HEREDITARIA NO PRESCRIBE SIN CONSIDERAR QUE LA PETICIÓN DE LA HERENCIA SI ESTÁ SUJETA A PRESCRIPCIÓN.

## II

### La aplicación del Código Civil de 2020

Las acciones y derechos nacidos y no ejercitados antes de la entrada en vigor del Código Civil de 2020 subsisten con la extensión y en los términos reconocidos en la legislación precedente. No obstante, su ejercicio y procedimiento para hacerlos valer estará sujeto a lo dispuesto en este código. 31 LPRA sección 11713.

### La Usucapión

La usucapión es una forma de adquirir el dominio y otros derechos reales mediante la posesión y de acuerdo con las maneras y condiciones determinadas por ley. Artículo 1830 del Código Civil de 1930, 31 LPRA sección 5241, hoy Artículo 777 del Código Civil, 31 LPRA sección 8021. La posesión tiene que ser en concepto de dueño, no interrumpida, pública y pacífica. Artículo 1841 del Código Civil de 1930, 31 LPRA sección 5262. Su equivalente es el artículo 778 del Código Civil 2020, 31 LPRA sección 8022. El Código Civil de 1930 no definía quien era la persona que tenía la posesión en concepto de dueño. El Código actual la define como aquella que actúa como verdadera titular por los actos que realiza en relación con la propiedad. Artículo 779 del Código Civil, 31 LPRA sección 8023.

La usucapión ordinaria requiere la posesión de buena fe y justo título por el tiempo que determina la ley. La extraordinaria requiere poseer por el tiempo determinado por ley, sin necesidad de buena fe ni justo título. El dominio y demás derechos reales sobre los bienes inmuebles también prescriben por su posesión no

interrumpida durante treinta años, sin justo título, ni buena fe y sin distinción entre presentes y ausentes. Artículos 1840 y 1859 del Código Civil de 1930, 31 LPRA secciones 5261 y 5280. Ahora bien, según el Código Civil 2020, a la usucapión con justo título y buena fe para la adquisición de bienes inmuebles, le aplica un término de diez años. No obstante, la usucapión ocurre a los veinte años, cuando no existe título ni buena fe. Artículo 788 del Código Civil del 2020, 31 LPRA 8032.

El Código Civil del 1930 establecía que el poseedor actual podía completar el término necesario para la prescripción uniendo el suyo al de su causante. Artículo 1860 del Código Civil de 1930, 31 LPRA 5281. Esta norma permaneció vigente en el artículo 789 del Código Civil de 2020, 31 LPRA sección 8033. El Código Civil 2020 añadió el artículo 795 del Código Civil, 31 LPRA sección 8039 que dispone que el adquiriente puede entablar la acción para que se le declare titular del derecho usucapido, una vez transcurre el término establecido. La sentencia favorable es título para la inscripción del derecho en el Registro de la Propiedad y para cancelar el asiento a favor del antiguo titular.

### La petición y la partición de herencia

El Tribunal Supremo de Puerto Rico resolvió en *Arrieta Barbosa v. Chinea Viuda de Arrieta,* 139 DPR 525, 538-539 (1995), durante la vigencia del Código Civil de 1930 que, la acción de petición de herencia prescribe a los treinta años. El legislador confirió el carácter de imprescriptibilidad a las acciones de petición de herencia en el Código Civil de 2020, no obstante, advirtió expresamente que la imprescriptibilidad de la acción de petición de herencia es sin perjuicio de la usucapión. Artículo 1593 del Código Civil del 2020, 31 LPRA sección 11052.

El legislador también dispuso en el Código Civil de 2020 que las acciones para pedir herencia o su partición tampoco

prescriben. Artículo 1205 del Código Civil de 2020, 31 LPRA sección 9497. El artículo 1205, *supra,* no modificó sustancialmente a su antecesor el 1865 del Código Civil de 1930, 31 LPRA sección 5295. Ambos códigos reconocen la imprescriptibilidad de la acción de partición de herencia y no hacen alusión alguna a la usucapión. No obstante, el Tribunal Supremo de Puerto Rico analizó el efecto de la usucapión sobre la imprescriptibilidad de la acción de partición de herencia en *Sucn. Maldonado v. Sucn. Maldonado,* 166 DPR 154 (2005). La opinión fue emitida durante la vigencia del artículo 1865 de 1930, *supra,* cuyo texto, según adelantáramos, no fue modificado sustancialmente por el artículo 1205 del código actual.

*Sucn. Maldonado v. Sucn. Maldonado, supra,* págs.180-181, resolvió que la imprescriptibilidad de la acción de partición de herencia está subordinada a la adquisición del dominio mediante la posesión en concepto de dueño, no interrumpida durante treinta años. El tribunal enfatizó que el carácter de imprescriptible de la partición de herencia no puede invocarse, frente a un coheredero que ha tenido la posesión de la herencia en concepto de dueño por el tiempo suficiente para ganarla por prescripción.

### Código de Rentas Internas para un Nuevo Puerto Rico

La sección 2054.05 de la Ley Núm. 1-2011, conocida como Código de Rentas Internas, 13 LPRA sección 31165, hace compulsoria la presentación del documento que acredita la cancelación del gravamen contributivo que pesa sobre una propiedad transferida por herencia, manda legado o donación. El tribunal no aprobará la división, o distribución, venta, entrega, cesión o ejecución de hipoteca sin que se deje depositado el monto de las contribuciones.

## III

La apelante alega que la imprescriptibilidad de la petición y de la partición de herencia, está sujeta a que no se produzca la usucapión o prescripción adquisitiva. Dicha parte alega que cumplió el término legal requerido para adquirir la propiedad mediante usucapión extraordinaria. Por último, argumenta que la ley no exige el Relevo de Hacienda en los casos de usucapión.

Los argumentos de la apelante son correctos. El TPI cometió un error de derecho al no reconocer que la usucapión extraordinaria prevalece sobre el carácter imprescriptible de las acciones de petición y partición de herencia. No obstante, el usucapiente tiene que demostrar que obtuvo la posesión del inmueble en concepto de dueño pública e ininterrumpidamente durante 30 años sin justo título ni buena fe bajo el Código Civil de 1930, *supra,* y 20 años conforme al actual. Ambos códigos reconocen que el usucapiente puede abonar al tiempo de su posesión el de su causante. La apelante cumple con el término establecido en ambos códigos para adquirir la propiedad mediante usucapión extraordinaria. No obstante, el aplicable es el código del año 1930, porque el derecho de usucapión nació durante su vigencia. Artículo 1808 de Código Civil de 2020, *supra.*

La causante de la apelante, Margarita Del Valle Alicea vivió en la propiedad desde el año 1970 hasta su fallecimiento el 6 de abril de 1982. Margarita Del Valle Alicea tuvo la posesión durante doce años. Su hijo, José Ángel Martínez del Valle, continuó en la posesión desde el año 1982 hasta su fallecimiento, el 10 de mayo de 2016. A esa fecha los causantes de la apelante habían tenido la posesión del inmueble por aproximadamente 46 años. José Ángel Martínez del Valle vivió en la residencia durante 34 años y falleció durante la vigencia del Código Civil de 1930, *supra.* El tiempo que vivió en la residencia sobrepasa los treinta años para la usucapión

extraordinaria, sin necesidad de abonar los años que su madre tuvo la posesión. Urania Margarita Martínez Del Valle ha continuado otros nueve años en la posesión, desde la muerte de su hermano hasta hoy. El código del año 1930 se derogó en el año 2020. Para esa fecha la apelante y sus causantes habían tenido la posesión durante unos cincuenta años.

El foro apelado dio por hecho que la apelante (1) ha cuidado y mantenido la propiedad, (2) puede completar el tiempo necesario para la usucapión, unido al de su causante y (3) ha ostentado la posesión de forma continua pública y pacifica desde el 6 de abril de 1982 hasta el presente. No obstante, se negó a reconocer su derecho a la usucapión, porque no se había realizado la partición de los caudales hereditarios, ni acreditado la cancelación del gravamen contributivo sobre la propiedad transferida por herencia. La conclusión del TPI es errada porque la apelante no adquirió el inmueble por herencia. La apelante adquirió la propiedad por usucapión. El TPI obvió que el derecho de un coheredero que ha tenido la posesión de la herencia en concepto de dueño por el tiempo suficiente para ganarla por prescripción prevalece sobre el carácter imprescriptible de la partición de herencia. *Sucn. Maldonado v. Sucn. Maldonado,* supra.

## IV

Se revoca la sentencia apelada, debido a que la apelante adquirió el dominio de la propiedad por usucapión.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones